UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VINCENT D. GARCIA, | Case No. 1: 20-cv-00293-BLW |
| Plaintiff, | |
| vs. | **INITIAL REVIEW ORDER BY SCREENING JUDGE** |
| CORIZON CORRECTIONAL HEALTH SERVICES, RONA SIEGERT, SAMUEL PIERSON, CHRIS JOHNSON, DR. APRIL DAWSON, DR. MIGLIORI, ASHLEY CANO, KELLY R.N., M. KEADY, WARDEN CHRISTENSEN, DEPUTY WARDEN DIETZ, DEPUTY WARDEN McKAY, SERGEANT THOMSAN, and SERGEANT TAYLOR, | |
| Defendants. | |

  The Complaint of Plaintiff Vincent D. Garcia was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

After reviewing the Complaint, the Court has determined that Plaintiff will be required to file an amended complaint if he desires to proceed.

## REVIEW OF COMPLAINT

### 1.  Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff is required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (punctuation altered). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (punctuation altered).

To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is

an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

To state an Eighth Amendment claim regarding prison medical care, a complaint must contain facts alleging that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A complaint alleging that a defendant acted with deliberate indifference requires factual allegations that show "both '(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

## 2. Summary of Allegations

Plaintiff is an Idaho Department of Correction (IDOC) prisoner. He alleges that, after he was beaten by another inmate on May 6, 2019, Defendants failed to give him proper medical care for his severe injuries, including multiple broken bones, brain damage, partial blindness, seizures, mental health problems, and confinement to a wheelchair.

## 3. Discussion of Claims Against Corizon

Plaintiff has named Corizon, the prison's contracted private medical provider, as a defendant. To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that officials carried out an official policy or unofficial custom that inflicted the injury at issue. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *Twombly*, 550 U.S. at 555.

Plaintiff has provided insufficient allegations to state a claim against Corizon. Without specific factual allegations about (1) what the Corizon policies were; (2) what the Corizon policy makers actually did, and (3) how the policies caused the medical providers to provide inadequate care, Plaintiff has not stated a claim. For example, he must allege facts raising a plausible inference that the treatment chosen by the individual medical providers, or a detrimental delay in provision of treatment, was not due to the providers' own independent decisions regarding how to conservatively treat Plaintiff's condition, based on their educational training and work experience—because that situation does not equate to deliberate indifference. An official's erroneous act or omission does not necessarily mean that the entity has a policy encouraging or requiring that act or omission. Nor is it sufficient to simply state that Corizon has a policy to "delay and deny" treatment to prisoners to save money.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

If Plaintiff currently has no such facts, he should not include Corizon in the amended complaint, but instead he may sue only those particular medical providers and supervisor who have failed to provide him with medical care after he has brought his condition to their attention. If Plaintiff states a claim against an individual defendant and is permitted to proceed, he may seek discovery from that defendant to determine whether that defendant's actions resulted from Corizon policies; if he discovers such information, he may submit a second amended complaint to amend Corizon back into the lawsuit at that time.

### 4.  Discussion of Claims against Individual Defendants

Plaintiff also sues a large number of medical providers and prison personnel. However, much of his Complaint is vague as to who did what and when. Plaintiff will be required to use the "Prisoner Civil Rights Amended Complaint in Watson Questionnaire Format" attached to this Order for his amended complaint. Plaintiff must state what each Defendant did, when the act or omission occurred, and other information setting forth the elements of an Eighth Amendment deliberate indifference claim. He may make copies of the pages of the Watson form as needed, using one form per Defendant.

Only those persons who provided medical treatment or who reviewed the medical treatment to determine whether it was appropriate can be included as named defendants in a civil rights action. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). In *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), the United States Court of

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

Appeals for the Ninth Circuit clarified that a supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 1207. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted).

## ORDER

**IT IS ORDERED** that, within **30 days** after entry of this Order, Plaintiff shall submit an amended complaint on the "Prisoner Civil Rights Amended Complaint in Watson Questionnaire Format" to correct the deficiencies set forth above. Alternatively, Plaintiff may submit a notice of voluntary dismissal. If Plaintiff does nothing further within this time frame, his entire case will be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. 4) is DENIED without prejudice. After the Court reviews the amended complaint, it will reconsider the motion.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

DATED: October 9, 2020

B. Lynn Winmill
U.S. District Court Judge